IN THE
CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

| | |
|---|---|
| Matthew Spicer, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiffs. ) ) | |
| Vs. ) ) | No. 25JE-CC00290 |
| AlertzPro, LLC, d/b/a alertzpro.com ) ) | JURY TRIAL DEMANDED |
| Serve Registered Agent: ) Registered Agents, Inc. ) 5000 Thayer Center, STE C ) Oakland, MD 21550, ) ) | |
| Defendants. ) | |

**FILED**

04/16/2025

Michael E. Reuter
CLERK, CIRCUIT COURT
JEFFERSON COUNTY

---

**FIRST AMENDED COMPLAINT – CLASS ACTION**

---

Comes now the Plaintiff, Matthew Spicer, appearing both individually and on behalf of all others similarly situated and for his First Amended Class Action Complaint against Defendant, AlertzPro, LLC, d/b/a alertzpro.com  (hereinafter collectively referred to as "Alertz" or "Defendant") states, alleges and avers the following:

**Nature of the Action**

1.     This is a class action under the Missouri No Call List and Telemarketing prohibitions set forth in §§ 407.1073, §407.1076, §407.1098.1, §407.1104 et seq.

2.     Defendant AlertzPro, LLC, d/b/a alertzpro.com ("Alertz")  is an internet based product services company which solicits consumers via unsolicited automated blast telemarketing texts without their express written consent and with whom they have no prior

1

EXHIBIT
**A**

established business relationship, including calling numbers lawfully registered on the Missouri do not call registry.

3.    The Plaintiff Matthew Spicer alleges that Alertz made unsolicited telemarketing calls/texts to his residential telephone number that is listed on the Missouri do not call registry by and through the use of robocalling, artificial intelligence automated systems, and technology to block or otherwise circumvent a consumer's use of a caller identification service, to make outbound telemarketing calls/texts to Plaintiff and thousands, if not millions of consumers across Missouri, to harass, annoy and abuse subscribers to the called numbers to market their services.

4.    In conducting such a marketing campaign Defendant Alertz violated the Missouri No Call List and Telemarketing prohibitions set forth in §§ 407.1073, §407.1076, §407.1098.1, §407.1104 et seq., *RSMo.*, when it called numbers on the Missouri Do Not Call Registry without their prior express written consent, including the Plaintiff.

5.    Defendant has caused Plaintiff and Class Members to suffer concrete injuries because of placing unwanted robotic, automatic or computer aided telephone dialing systems, artificial intelligence generated and computer automated mass blast texts to their private residential telephones.

6.    Through this action, Plaintiff seeks damages, treble damages and injunctive relief to stop Defendant Alertz' unlawful telemarketing calls/texts and texts. Plaintiff additionally seeks damages as authorized by the MDNC on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

7.     Because telemarketing calls/texts typically use technology capable of generating thousands of similar calls/texts per day, the Plaintiff sues on behalf of a proposed Missouri wide class of other people who received similar calls/texts.

8.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing practices and violations and is consistent both with the private right of action afforded by the MDNC, the MMPA and the fairness and efficiency goals of Missouri Supreme Court Rule 52.08.

II.     Parties

9.      Plaintiff Matthew Spicer (hereinafter "Plaintiff" or "Mr. Spicer") is an individual residing in this Circuit and a resident of Jefferson County, Missouri.

10.     Defendant AlertzPro, LLC, d/b/a alertzpro.com   ("Alertz") is a Maryland based company and is a company that makes telemarketing calls/texts or employs its agents, vendors or third-party marketing partners to make automated blast telemarketing calls/texts within and into this Circuit, to persons on the Missouri do not call registry, just as it did with the Plaintiff.

**Jurisdiction and Venue**

11.     This Court has jurisdiction for violations of the Missouri do not call registry under Chapter 407.010 et seq. *RSMo*.

12.     This Court has personal jurisdiction over Defendant Alertz because they reside in this Circuit or has sufficient minimum contacts with the State of Missouri and this Circuit, it transacts business in Missouri, profits personally from Defendant  Alertz' harassing, abusive and annoying calls/texts, and any sales derived from Missouri residents, they send their products to Missouri and advertise in Missouri; the extraterritorial tortious acts complained of

3

within this complaint occurred in Missouri and to a Missouri resident, thereby subjecting them

to Missouri's long arm statute, Section 506.500.1.

13.    Venue is proper in that the tortious acts complained of herein occurred in

Jefferson County, Missouri to a Missouri resident.

**MISSOURI DO NOT CALL REGISTRY VIOLATIONS**

14.    In accord with Missouri telemarketing laws, § 407.1073 et seq., requires

telemarketers to:

"1. A telemarketer shall disclose, promptly and in a clear and conspicuous manner, to the consumer receiving the telephone call the following:

(1) That the purpose of the telephone call is to make a sale;

(2) The telemarketer's identifiable name and the seller on whose behalf the solicitation is being made;

(3) The nature of the merchandise or investment opportunity being sold;

(5) If the telephone call is made by any recorded, computer-generated, electronically generated or other voice communication of any kind. When engaged in telemarketing, such voice communication shall, promptly at the beginning of the telephone call, inform the consumer that the call is being made by a recorded, computer-generated, electronically generated or other type of voice communication, as the case may be."

15.    Mo. Rev. Stat. § 407.1076 provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3)    Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;

(4)    Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or he does not wish to receive solicitation calls.

4

(10) Knowingly provide assistance or support to any telemarketer when that person knows or consciously avoids knowing that the telemarketer is engaged in any act in violation of sections 407.1070 to 407.1085; or

(11) Knowingly utilize any method to block or otherwise circumvent a consumer's use of a caller identification service.

16.    The Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1 provides:

No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

17.    Missouri Revised Statute 407.1104, imposes further restrictions:

1. Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2. No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

18.    A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

19.    Defendant's calls/texts to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return.

20.    Defendant's practice effectively forced Plaintiff to read Defendant's unlawful, harassing, abusive and annoying sales campaign.

21.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public

5

policy violations in the aggregate caused substantial concrete injury to hundreds if not thousands of persons.

22.     Defendant's actions prevented the Plaintiff's telephone from being used for other purposes during the time Defendant were illegally occupying the Plaintiff's telephone for Defendant's unlawful purpose.

23.     Chapter 407.1107(2) provides for up to $5,000 in damages for each knowingly violation.

### III.     Factual Allegations

24.     Defendant Alertz is a business organization and their agents, employees and/or vendors, solicit consumers to seek out their product-based services.

25.     To generate leads, Defendant Alertz and their agents, employees and/or vendors, subsidiaries, sister companies, and other unknown marketing firms and call centers, uses random, robocall, automated and computer aided dialing systems for telemarketing calls/texts, and mass blast marketing automated text systems of which are capable of storing and deploying randomly generated and sequential number generated calls/texts to reach the maximum number of consumers who have never had a relationship with any of the Defendants, and who never consented to receive their calls.

26.     Defendant Alertz also employs and utilizes technology and computer systems to obstruct, circumvent or bypass caller identification functions of the called numbers, thereby misleading recipients into believing they are receiving calls/texts from acquaintances or family members so they read the automated blast texts.

27.     Plaintiff is and was at all times mentioned herein, a "subscriber" as defined by Missouri law.

6

28.     The Plaintiff is the sole subscriber who has complete dominion and control over and personally registered his private residential cellular telephone number (the "Number"), 314-920-XXXX on the Missouri State Do Not Call Registry where it has remained continuously since.

29.     Plaintiff is also a qualified Missouri subscriber who has lodged his in objections to the Missouri Attorney General over receiving any telemarketer calls, whatsoever, including each of the unsolicited texts by the Defendant as set forth in this Complaint.

30.     Despite this, Defendant Alertz and their agents, employees and/or vendors, as approved, encouraged, enticed, and ratified by Defendant Alertz s' policies, practices and procedures, placed more than twenty-one (21) automated, computer-generated mass blast telemarketing calls/texts to Plaintiffs private residential phone when the first text was made to Plaintiff on February 24, 2025 at 7:36 PM which was impersonal and generic in form and function, contain a hyperlink directly to defendants website, and opting instructions such as "Reply stop to end" to opt out" from the Alertz associated short code vanity number 744-73.[1]

31.     The texts did not contain the name of the telemarketer beyond the fictitious name "Alrtz", the name and place of their employer, their phone number or whether they were automated or computer-generated blast texts.

32.     The text was also placed utilizing technology to shut off or circumvent the Plaintiff's caller ID function.

33.     On February 25, 2025 at 3:31 PM, Plaintiff received a second automated text from Defendant Alertz which promoted their products and services.

---

[1] All blast texts were sent from one vanity number.

34.     The text did not contain the name of the telemarketer beyond the fictitious name "ALRTZ", the name and place of their employer, their phone number or whether they were automated or computer-generated blast texts.

35.     The Second text above contained a hyperlink to the defendants website and opting instructions, and utilized technology to shut off or circumvent the Plaintiff's caller ID function.

36.     On February 26, 2025 at 3:27 pm, Plaintiff received an additional automated text from Defendant Alertz which promoted their products and services.

37.     This text did not contain the name of the telemarketer beyond the fictitious name "ALRTZ", the name and place of their employer, their phone number or whether they were automated or computer-generated blast texts, although it did contain a hyperlink to the defendants website, opting instructions, and again utilized technology to shut off or circumvent the Plaintiff's caller ID service on his phone.

38.     Plaintiff thereafter received eighteen (18) additional automated texts set forth *infra* from the Defendant which were sent from telephone number the identical vanity number 744-73.

39.     The vanity short code number 744-73 is registered to Defendant Alertz or its subsidiaries and is regularly used for their blast text telemarketing and advertising purposes.

40.     Each of the  twenty-one (21) automated texts listed below were sent to the Plaintiff by Defendant Alertz  with the caller ID blocked, circumvented or bypassed which prevented the Plaintiff from identifying the caller, leading him to believe there was an issue with family or friends in Missouri, prompting him to view the unsolicited telemarketing texts. The details of these texts are as follows:

8

| | | | |
|---|---|---|---|
| i. | 02/24/25 | 7:36 p.m. | text |
| ii. | 02/25/25 | 3:51 p.m. | text |
| iii. | 02/26/25 | 3:27 p.m. | text |
| iv. | 02/26/25 | 3:11 p.m. | text |
| v. | 02/28/25 | 4:22 p.m. | text |
| vi. | 03/01/25 | 4:44 p.m. | text |
| vii. | 03/02/25 | 5:08 p.m. | text |
| viii. | 03/03/25 | 11:09 a.m. | text |
| ix. | 03/04/25 | 11:08 a.m. | text |
| x. | 03/5/25 | 12:42 p.m. | text |
| xi. | 03/6/25 | 12:00 p.m. | text |
| xii. | 03/7/25 | 11:20 a.m. | text |
| xiii. | 03/8/25 | 1:52 p.m. | text |
| xiv. | 03/9/25 | 11:44 a.m. | text |
| xv. | 03/10/25 | 5:13 p.m. | text |
| xvi. | 03/16/25 | 5:14 p.m. | text |
| xvii. | 03/17/25 | 5:13 p.m. | text |
| xviii. | 03/18/25 | 12:12 p.m. | text |
| xix. | 03/19/25 | 11:30 a.m. | text |
| xx. | 03/20/25 | 11:28 a.m. | text |
| xxi. | 03/21/25 | 11:38 a.m. | text |

41.     Each of the automated texts sent were generic, impersonal, and included automated opt-out instructions, a hyperlink transferring Plaintiff directly to Defendant Alertz 's website apro1.co and they were sent using an automated and/or computer aided mass texting system without the Plaintiff's prior express written consent.

42.     During this series of twenty-one (21) automated texts, the Defendant's and/or its third-party telemarketers identified Defendant's Alertz  only by fictitious name ALRTZ  and failed to promptly disclose:

    a.     The telemarketer's name and the phone number where the telemarketer could be reached.

    b.     The name of the telemarketing company they were employed by.

    c.     Whether the telephone call is made by any recorded, computer-generated, electronically generated or other voice communication of any kind.

      d.      Whether the call is being made by a recorded, computer-generated, electronically generated or other type of voice communication.

      e.      The correct name, address and phone number of the seller.

      f.      The telemarketer utilized fictitious company names or abbreviated names so the Plaintiff could not readily identify Defendant Strategic without extensive investigation.

43.     Defendant Alertz knew or reasonably should have known, or consciously avoided knowing that it's telemarketers were deliberately failing disclose required information, misrepresenting its company name, using fictitious names and blocking or circumventing called numbers caller identification service providers and causing consumers phones to ring and or engaging consumers in marketing texts repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive and/or harassing, which it did twenty-one (21) or more times with the Plaintiff, yet continued to provide its telemarketing vendors, agents and employees assistance and support.

44.     Defendant Alertz knew or reasonably should have known that when it provided the Plaintiff's private residential phone number to its telemarketers, that the telemarketers would repeatedly text Plaintiff in an annoying, abusive or harassing manner.

45.     Defendant Alertz was aware or should have been aware that its telemarketers would infringe upon the privacy and rights of seclusion of subscribers by contacting numbers listed on the Missouri Do Not Call registry.

46.     Plaintiff did not have a prior business relationship with Defendant Alertz.

47.     Plaintiff never provided Defendant Alertz with prior express written consent to call his private residential telephone number.

48.     Each of the twenty-one (21) or more illegal telemarketing texts were condoned, encouraged, enticed and ratified by Defendant Alertz and their agents, employees and/or vendors.

49.     The Defendant persistently harassed, humiliated, annoyed, frustrated, and solicited Plaintiff in each unsolicited telemarketing text listed *supra*, despite that Plaintiff is registered on the Missouri Do Not Call registry prior to their unsolicited calls/texts to his private, personal residential cell phone number.

50.     Defendant Alertz failed to scrub the number called prior to making these unsolicited telemarketing calls/texts and failed to place it on their internal DNC.

51.     Plaintiffs' privacy and right to seclusion have been grossly, deliberately, and repeatedly violated and Plaintiff was severely annoyed, harassed and humiliated by these repeated and abusive telemarketer calls, was caused severe stress, anxiety, PTSD inflammation, rapid heartbeat and caused wear and tear on his phone, damage and disruption to his phone's battery life, and other injuries and costs.

52.     Upon information and belief all mass automated texts were made by automatic computer aided and/or random ATDS equipment, and random and sequential telephone number generating equipment capable of storing, producing, and dialing telephone numbers using a random or sequential number generator and continued to return calls/texts to subscribers who answered the calls/texts by the Defendant as each prefaced by automated clicks, several computer squeals, pauses, and dead air space before the telemarketer before the text appeared.

53.     None of the telephone calls/texts alleged in this complaint constituted calls/texts for emergency purposes.

**Class Action Allegations**

11

54.    Class Definition: Plaintiff brings this Complaint against Defendant Alertz as authorized by Missouri Supreme Court Rule 52.08 on behalf of himself and the following Classes:

> **Missouri Do Not Call Class ("MDNC Class")**: All persons in the State of Missouri who (1) had his or his telephone number(s) registered with the Missouri Do-Not-Call registry for at least thirty days; (2) but who received more than one telephone call or text made by or on behalf of Defendant; (3) within a 12-month period; and (4) from four years prior to the filing of this Complaint.

> **Missouri Caller ID Class ("ID Class")**: For the time period of March 1, 2021 through the date the Court rules on Plaintiffs' class certification motion, all natural persons in Missouri: (a) who subscribed to a residential or wireless telephone service to which more than one call to encourage the purchase or rental of, or investment in, property, goods, or services was initiated by or on AlertzPro, LLC, d/b/a alertzpro.com's behalf within a twelve-month period, (b) using a method to block, circumvent or otherwise prevent the called person's "caller ID."

55.    A substantial number of these events which give rise to the claim occurred in Jefferson County, Missouri. Therefore, under Local Rule, this civil action should be assigned to the Circuit Court of Jefferson County, Missouri.

56.    Excluded from the Classes are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded from the Classes are the judge and staff to whom this case is assigned, and any member of the judge's immediate family. Plaintiff reserves the right to revise the Class definitions based on facts learned during discovery. Plaintiff is a member of each Class.

57.    Class Numerosity: The exact number of members of each Class is unknown and is not available to Plaintiff currently, but such information is readily ascertainable by Defendant and their agents.

58.    The Classes are so numerous that joining all members is impractical. Plaintiff

alleges that there are more than 40 members of each Class.

59.     The Class as defined above are identifiable through phone records and phone number databases and defendants' business records.

60.     Individual joinder of these persons is impracticable.

62.     Plaintiff is a member of the Class.

63.     Class Commonality: Common questions of fact and law exist as to all members of the Classes and predominate over the questions affecting only individual members of the Classes. Identification of the individuals who qualify as a member of the Class will be sufficient to establish liability to the Class member. The predominant common questions include:

a.     Whether Defendant's used an "automatic telephone dialing system" as such terms are defined or understood under the MDNC, TCPA and applicable FCC regulations and orders;

b.     Whether Defendant had prior express written consent to call Class members prior to making telemarketing calls;

c.     Whether Defendants systematically made telephone calls/texts to members of the DNC and MDNC Classes whose telephone numbers were registered with the Missouri Do-Not-Call registry;

d.     Whether Plaintiff and Class Members are entitled to damages, including whether Defendant's violations were performed willfully or knowingly such that Plaintiff and Class Members are entitled to treble damages; and

e.     Whether Defendants systematically made telephone calls/texts to Plaintiff and Putative Class members utilizing a method or technology to disable or circumvent the Plaintiff's caller ID functions on their phones.

13

f.    Whether Plaintiff and Class Members are entitled to injunctive relief for violations of their privacy and attorney's fees and costs.

64.    The Plaintiffs' claims are typical of the claims of members of the Class. Plaintiff is not different in any relevant way from any other member of the Classes, and the relief he seeks is common to each Class.

65.    Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he has hired attorneys experienced in class actions, including TCPA class actions.

66.    Predominance and Superiority: The Classes alleged in this Complaint are appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. It would be virtually impossible for Class members to individually obtain effective relief from Defendant's misconduct. Even if Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

67.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

14

adjudication of the controversy. The only individual question concerns the identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents, vendors, subsidiaries, and sub-contractors.

68.     Injunctive relief is warranted: Defendant Alertz and their associates are believed to be continuing the improper practices mentioned above. Injunctive relief is both necessary and appropriate to restrain the Defendant's actions and to prevent irreparable harm to the Plaintiff and Class members, for which there is no sufficient legal remedy.

69.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### COUNT I
### Violations of the MDNC Against All Defendants
### by Plaintiff Individually and on Behalf of the MDNC Class

70.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 69 as though set forth herein.

71.     Plaintiff brings this claim individually and on behalf of the Missouri No Call List Members ("MDNC") against the Defendant Alertz  and its affiliates.

72.     Defendant  Alertz 's  deliberate acts and omissions of making  twenty-one (21)  or more texts to Plaintiff's private residential phone constitute multiple violations of the MDNC in that No person or entity shall make or cause any telephone to ring and make any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section § 407.1073, § 407.1076, §407.1090, §407.1098.1 of the subscriber's objection to receiving telephone calls.

73.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members prior to making these texts and had no prior business relationship with Plaintiff.

74.     In violation of the MDNC, Defendant made and/or knowingly allowed automated telephonic texts to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent and after notice to the Missouri Attorney General was given that they did not want to receive said calls/texts.

75.     Defendants made and/or knowingly allowed the telephonic calls/texts to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers, and used a robotic interface with the Plaintiff without prior express written consent.

76.     As a result of Defendant's conduct, Plaintiff and Class members were knowingly, willingly and deliberately harmed and are each entitled to a maximum of $5,000.00 in damages for each violation.

77.     Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**WHEREFORE**, Plaintiff Spicer and all members of the MDNC class prays for judgment against Defendant AlertzPro, LLC, d/b/a alertzpro.com for $5,000.00 per violation or $105,000.00 (for Spicer's damages), and for additional damages for each class member predicated upon the calls/texts received, and for their attorney's fees and costs, pre and post judgement interest, appropriate injunctive relief, and for such further relief deemed just and equitable in the premises.

## COUNT II
## CALLS MADE IN VIOLATION OF MISSOURI'S NO CALL LAW <u>Mo.<br>Rev. Stat. 407.1098</u>
### (On Behalf of the Missouri Caller ID Class)

78.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully stated herein.

79.     It is a violation of Missouri law to make more than one telephone solicitation within a twelve-month period to a Missouri residential or wireless subscriber using a method to block or otherwise circumvent the called person's "caller ID" service. Mo. Rev. Stat. §1104(2).

80.     Plaintiff and the Missouri Caller ID Class members are Missouri residential or wireless subscribers to whom more than one telephone solicitation was initiated by or on behalf of Defendant within a twelve-month period using a method to block or otherwise prevent the called person's "caller ID" from identifying the telephone number called from.

81.     The Defendants acts as stated herein were committed knowingly, willfully and deliberately.

82.     Each such violation renders Defendants liable to Plaintiffs and each Caller ID Class Member for up to $5,000 in statutory damages per violation. Mo. Rev. Stat. §407.1107(3).

83.     Plaintiffs and the Missouri Caller ID Class Members are also entitled to injunctive relief prohibiting such texts in the future.

**PRAYER FOR RELIEF**

***WHEREFORE,*** Plaintiff Spicer and all members of the MDNC ID class pray for judgment against Defendant AlertzPro, LLC, d/b/a alertzpro.com or $5,000.00 per violation or $105,000.00 (for Spicer's damages), and for additional damages for each class member predicated upon the number of texts received, for pre and post-judgment interest, for their

attorney's fees and costs, appropriate injunctive relief, and for such further relief deemed just and equitable in the premises.

## COUNT III
### Defendant's Vicarious Liability

84.    Plaintiff reasserts and incorporates fully herein by reference paragraphs 1 through 83 above paragraphs as though fully set forth herein.

85.    Defendant Alertzpro, LLC "may be held vicariously liable under common law principles of agency for violations by third-party telemarketers." Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability.

86.    A connection exists between the Defendant herein and the calls complained of by Plaintiff because the texts were directly made on behalf of Defendant Alertzpro, LLC 's subsidiary or fictious company so they could profit from a common enterprise in which they participated.

87.    Defendant Alertzpro, LLC, is vicariously liable for their independent third-party marketing agents phone texts at issue because Defendant Alertzpro, LLC  substantially participated, promulgated the policy and ratified making the calls to Plaintiff and putative class members registered on the Missouri no call list without their express written consent.

88.    Defendant Alertzpro, LLC is further vicariously liable for the texts complained of by Plaintiff herein because they:

a)    authorized or caused telemarketers, employees, agents, vendors to initiate the phone calls/texts or initiated the texts themselves;

b)    directly or indirectly controlled the persons who actually made or initiated the calls/texts;

18

c)      allowed the telemarketers and independent agents access to information and operating systems within Defendant's control for the purpose of seeking to sell their services, without which they would not be able to maintain and further robocalling atds, computer generated texting, and direct dialing.

d)      allowed the telemarketers and independent contracting agents to enter or provide consumer information into Defendant's sales or operational systems.

e)      approved, wrote, reviewed, or participated in developing the telemarketing sales scripts to sell their services.

f)      Defendant Alertzpro, LLC  knew or reasonably should have known or consciously avoided knowing that the actual telemarketers were violating the law and failed to take effective steps within their power to require compliance;

g)      Defendant Alertzpro, LLC  gave substantial assistance or support to the telemarketers, employees, agents or vendors and each other while knowing, consciously avoiding knowing, or being recklessly indifferent to the fact that these were engaged in acts or practices that violated the MDNC and ratified each of the illegal calls.

89.     Defendant Alertzpro, LLC telemarketers had apparent authority to engage in the autodialing, direct dialing, robocalling and blast mass texts at issue herein because after Plaintiff patiently listened and/or read the scripted pitch the Defendant's all profited from each sale they made thereby ratifying their illegal practice.

90.     Defendant Alertzpro, LLC  ratified the robocalls and automatic and computer-generated calls to Plaintiff described above because they accepted and intended the benefits to them of the calls while knowing or consciously avoiding knowing their telemarketer-agents were calling and robocalling cell phones and phone numbers listed on the Missouri State Registry

19

without complying with the Registry and without prior express written consent of the robocalled and called consumers.

91.     As a direct and proximate result of the twenty-one (21) illegal texts by the above Defendant, Plaintiff and Putative Class Members suffered the gross violation of their rights to privacy, solace and seclusion as set forth above, they were frustrated, harassed, annoyed, abused, suffered anxiety, chest pains, other physical injuries, as well as suffered monetary loss in phone provider service fees, wear and tear on his phone equipment, and the degradation of his battery life.

***WHEREFORE***, Plaintiff prays for entry of judgment against Defendant Alertzpro, LLC and their independent contracting agents for their vicarious liability for an additional $105,000.00 (Spicer's damages) and for his statutory, actual and/or treble damages sufficient in size to set a stern example and deter future like conduct complained of by Defendant or others and for additional damages on behalf of all Putative Class members for each additional text for the reasons stated herein, and for such other and further relief as the court finds proper. Plaintiff requests an award of his attorney fees, costs and pre-and-post-judgment interest.

Respectfully submitted,

/s/Matthew Spicer
Matthew Spicer
126 Silverstone Circle
Bynes Mill, MO 63051
Rspicer48@yahoo.com
(314) 920-XXXX

Certificate of Service

20

A true and correct copy of the above and foregoing first amended complaint was mailed via U.S. Mail, first class postage prepaid to the Defendant through their registered agent Registered Agents, Inc., 5000 Thayer Center, Ste C, Oakland, MD 21550.


/s/Matthew Spicer
Matthew Spicer